IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DWIGHT BRADSHER POOLE,            )
                                  )
                     Petitioner,  )
                                  )   1:20CV321
         v.                       )   1:97CR221-1
                                  )
UNITED STATES OF AMERICA,         )
                                  )
                     Respondent.  )

RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

Petitioner Dwight Bradsher Poole, a federal prisoner, brings a Petition [1:20CV321, Doc. #1] for a Writ of Error Coram Nobis under 28 U.S.C. § 1651(a). Petitioner was convicted by a jury in this Court of one count of possessing a firearm following a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) in case 1:97CR221-1. Petitioner received a sentence of 49 months imprisonment to be followed by three years of supervised release. Petitioner subsequently served his prison sentence and completed his term of supervised release. However, Petitioner now seeks to have this Court vacate his conviction based on the decision of the United States Supreme Court in Rehaif v. United States, 139 S. Ct. 2191 (2019), because the indictment in his case did not allege that he knew he was in the relevant category of persons prohibited from possessing a firearm and because the jury was not instructed that the Government must prove this fact. The Government filed a Motion to Dismiss [1:20CV321, Doc. #5] opposing relief.

Relief under § 1651 is available where "'(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character.'" United States v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012) (quoting Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir. 1987)). Here, the Government argues that Petitioner cannot satisfy the fourth prong of Akinsade because he cannot demonstrate that any error under Rehaif amounted to an error "of the most fundamental character." The Court notes in that regard that even relief under 28 U.S.C. § 2255, which is the collateral remedy available to petitioners who are still in custody, is an extraordinary remedy which is not a substitute for an appeal. Bousley v. United States, 523 U.S. 614, 621 (1998). Similarly, a writ under § 1651 is also extraordinary and should only issue where necessary to achieve justice. Akinsade, 686 F.3d at 252.

Under § 922(g)(1), any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" is prohibited from possessing a firearm. According to Rehaif, "the Government must prove both that the Defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." Rehaif 139 S. Ct. at 2200. Petitioner contends in his Petition and Response that his trial and conviction were unfair because the indictment and his attorney never told him that the Government would have to prove that he knew was in the relevant category of persons prohibited from possessing a firearm and the jury was never instructed as to this element of the crime.

2

Petitioner's claims fail. As an initial matter, Petitioner misinterprets the requirement that he knew he was a prohibited person to mean that he knew at the time he possessed the firearm that he could not legally possess it. This is incorrect. Instead, the relevant category of prohibited persons in his case is persons convicted of crimes "punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). Under Rehaif, the Government therefore only needed to allege and prove that Petitioner knew he had been convicted of such a crime, not that he knew that the conviction barred his weapon possession.

Further, following the filing of the Petition, the United States Supreme Court decided the case of Greer v. United States, 141 S. Ct 2090 (2021), which involved two cases with similar claims under Rehaif that were raised for the first time on direct appeal and subject to plain error analyses. To obtain relief in a plain error review, an appellant must show that an error occurred, that the error was plain, and that the error affected "substantial rights," which generally means that there must be "'a reasonable probability that, but for the error, the outcome of the proceeding would have been different.'" Id. at 2096 (quoting Rosales-Mireles v. United States, 138 S. Ct. 1897, 1904-05 (2018)). The Supreme Court noted in performing this analysis that "demonstrating prejudice under Rehaif 'will be difficult for most convicted felons for one simple reason: Convicted felons typically know they're convicted felons.'" Id. at 2098 (quoting United States v. Lavalais, 960 F.3d 180, 184 (2020)). The Supreme Court therefore concluded that "a Rehaif error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." Id. at 2100 ("A Rehaif

error in jury instructions is therefore not structural. And it follows that a Rehaif error in a plea colloquy is likewise not structural. The omission of that mens rea element from a plea colloquy—like the omission of that mens rea element from jury instructions—does not affect the entire framework within which the proceeding occurs.").

Whatever difference exists between the standards applied to a defendant seeking relief on direct review through a plain error argument based on a violation of "substantial rights" and a petitioner seeking the extraordinary remedy of relief under § 1651 by demonstrating a "fundamental error," a petitioner seeking relief under § 1651 cannot succeed through any lesser showing than a defendant on direct review. See United States v. Frady, 456 U.S. 152, 166 (1982) (rejecting "use of the 'plain error' standard to review § 2255 motion" and stating "that to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal"). Therefore, to show a fundamental error and receive relief in this proceeding, Petitioner would at least have to make a sufficient argument or representation that he could have presented evidence that he did not know he was convicted of a crime punishable by more than a year. He utterly fails to do so and, in fact, never actually claims that he did not know he had a prior felony conviction at the time he possessed the firearm in question. Even at trial and on direct appeal, his proffered defense was that he possessed the firearm out of necessity due to a fear of being attacked, not that he did not have a felony conviction. United States v. Poole, 168 F.3d 484, 1998 WL 911717 (4th Cir. 1998). Moreover, Petitioner had previously been convicted of possession with intent to sell and deliver marijuana, been sentenced to two years of imprisonment (suspended), and was still on probation for that

4

conviction at the time he possessed the firearm. (Attach. to Government's Brief [Doc. #8, Ex. 1] at 2.) This conviction is also reflected on the website of the North Carolina Department of Public Safety (http://www.doc.state.nc.us/offenders) and not denied by Petitioner. Clearly, Petitioner would have known of this conviction at the time he possessed the firearm and the Government would have had absolutely no difficulty alleging or proving this fact. Petitioner does not point to any evidence he could have presented to show that he did not know he was a felon. Therefore, he cannot show any probability, much less a reasonable probability, of a different result in his case had the knowledge element discussed in Rehaif been charged and instructed upon in his case. He also cannot demonstrate the "fundamental error" necessary for relief under § 1651 and his Petition should be dismissed accordingly.

IT IS THEREFORE RECOMMENDED that the Government's Motion to Dismiss [1:20CV321, Doc. #5] be granted, that the Petition [1:20CV321, Doc. #1] be dismissed, and that, there being no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability not issue.

This, the 18th day of November, 2021.

/s/ Joi Elizabeth Peake
United States Magistrate Judge